# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-132V
Filed: October 27, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | Special Master Sanders |
| MARIAH VAN VESSEM, * | |
| * | Joint Stipulation on Damages; Human |
| Petitioner, * | Papillomavirus ("HPV") Vaccine; Tetanus- |
| * | Diphtheria-Acellular Pertussis ("Tdap") |
| * | Vaccine; Meningococcal Vaccine; |
| v. * | Hodgkin's Lymphoma ("HL"). |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * | |

Mark Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On March 2, 2011, Mariah Van Vessem ("Petitioner") petitioned for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of the human papillomavirus ("HPV"), tetanus-diphtheria-acellular pertussis ("Tdap"), and/or meningococcal vaccines administered on March 4, 2008, and/or her second HPV vaccine administered on August 4, 2008, she developed Hodgkin's Lymphoma ("HL"). *See* Stipulation for Award at ¶¶ 1-4, filed Oct. 26, 2017. Petitioner further alleged that she experienced residual effects of her injury for more than six months. *Id.* at ¶ 4.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On October 26, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Respondent denies that Petitioner's alleged HL, or any other injury, was caused-in-fact by her HPV, Tdap, and/or meningococcal vaccinations. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

   a. **A lump sum of $25,000.00, in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.